**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARK E. SELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-25-0731-HE |
| | ) | |
| LETISHA PANTOJA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On April 6, 2026, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation [Doc. #17], recommending the court dismiss plaintiff's amended complaint in its entirety.  She further recommended the court deny plaintiff's motion to appoint counsel.  After receiving an extension of time, plaintiff filed objections to the Report and Recommendation [Doc. #21].  In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter.  The court concludes the Report and Recommendation should be adopted.

Initially, plaintiff objects to the magistrate judge's "refusing to file [his] 'Ex Parte Motion for Emergency Relief,'" not allowing a "mandated FRCP Rule 52 'Hearing'" and forcing him to "refile his Motion in a different format[.]" [Doc. #21, p. 3].  The court concludes these objections are untimely.  On July 7, 2025, the magistrate judge entered an order requiring to him to file "his complaint on the proper form" and denying the "'ex parte' motion for provisional emergency injunction[.]" [Doc. #5].  Plaintiff filed an objection to the order, which the magistrate judge construed as a motion to reconsider and

denied the motion [Doc. #10]. Any objection to the order construing the objection as a motion to reconsider and denying that motion was due within 14 days after plaintiff was served with a copy of the order. *See* Fed. R. Civ. P. 72(a). The record reflects the order was mailed to plaintiff's last known address and is therefore deemed delivered. *See* LCvR5.4. He did not object on the indicated ground within the 14 day period and his objections are therefore not timely asserted. However, even if plaintiff had timely objected, the objections would have been unsuccessful as the challenged rulings were neither clearly erroneous nor contrary to law and, in any event, the court concurs in them. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).[1]

Plaintiff additionally objects to the magistrate judge analyzing his claims without considering the original complaint, as supplemented, along with the amended complaint. However, the amended complaint supersedes the original complaint. *See* May v. Segovia, 929 F.3d 1223, 1229 (10th Cir. 2019) ("the amended complaint, as the operative complaint, supersedes the original complaint's allegations[.]") (emphasis omitted). The magistrate judge therefore correctly focused on the amended complaint rather than the original complaint.

Plaintiff also objects to the magistrate judge issuing the Report and Recommendation, asserting he specifically signed a form declining to consent to the

---

[1] *Despite plaintiff's assertions, the magistrate judge did not "force" plaintiff to proceed under 42 U.S.C. § 1983 by requiring him to file his complaint on the proper form provided by the court clerk. Plaintiff's initial filing asserted violations of his civil rights, and the magistrate judge was authorized under LCvR9.2(a) to require plaintiff to file his complaint on the civil rights complaint form. That form did not require plaintiff to rely on 42 U.S.C. § 1983. The form allowed plaintiff to rely on different or additional statutes for his claims.*

handling of the case by a magistrate judge.  The consent plaintiff declined to sign would have authorized the magistrate judge to handle all matters in the case without further review by this court.  *See*  Roell v. Withrow, 538 U.S. 580, 585 (2003) (discussing a referral pursuant to 28 U.S.C. § 636(c)(1)).  However, the Report and Recommendation at issue here was based on a nonconsensual referral pursuant to 28 U.S.C. § 636(b)(1) which, as to case dispositive matters, leaves this court free to do as it sees fit with the magistrate judge's recommendation.  Roell, 538 U.S. at 585.  The Report and Recommendation was therefore properly issued in accordance with 28 U.S.C. § 636(b)(1).  Further, plaintiff's suggestion that the  magistrate judge's recommended rulings were based on her knowledge that he declined to the § 636(c)(1) referral is speculative and unsupported, given that the magistrate judge would not have been informed of the declination.  *See* Fed. R. Civ. P. 73(b)(1).

Next, plaintiff objects to the Report and Recommendation because the magistrate judge only analyzed his claims under 42 U.S.C. § 1983 and ignored his claims under 18 U.S.C. § 1595.  According to plaintiff, he may pursue a civil cause of action under § 1595 based on defendants' violations of federal criminal statutes 18 U.S.C. §§ 241, 242, 1581, 1584, 1589, and 1590.

"As a general matter, federal criminal statutes that 'do not provide for a private right of action' are 'not enforceable through a civil action.'"  Serna v. Webster, No. 23-2901, 2023 WL 6382099, at *2 (10th Cir. Oct. 2, 2023) (quoting Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007)).  The court acknowledges that § 1595 does create a private cause of action for victims of any crime under chapter 77 of title 18 of the U.S. Code (18 U.S.C. §§ 1581-1594).  However, sections 241 and 242 are not included in the chapter 77,

3

and thus, § 1595 does not provide a cause of action for violations of those statutes. The magistrate judge correctly concluded that §§ 241 and 242 are not enforceable through a civil action. Serna, 2023 WL 6382099, at 2. Sections 1581, 1584, 1589, and 1590 address peonage, involuntary servitude, forced labor and/or trafficking in those matters. However, even if a private right of action exists as to those statutes, plaintiff has not stated a claim under them. Sections 1581-1590 implement the Thirteenth Amendment, *see* Davis v. Hudson, No. 00-6115, 2000 WL 1089510, at *3 (10th Cir. 2000) (unpublished). The Thirteenth Amendment's prohibition on slavery or involuntary servitude does not apply to prisoners. Dmytryszyn v. Hickenlooper, 527 Fed. Appx. 757, 760 (10th Cir. 2013) (unpublished); *see also*, Adams v. Wyoming Department of Corrections Medium Correctional Institution Warden, No. 25-8018, 2026 WL 90446, at *2 (10th Cir. Jan. 13, 2026) (unpublished) ("It is well-settled that: where a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises . . . Thus, paying prisoners less than minimum wage—or not paying them at all—for prison jobs does not violate the Thirteenth Amendment." *Id*. (quotation marks, alterations, and citations omitted). Consequently, the amended complaint fails to state a claim under § 1595 upon which relief may be granted.[2]

As to plaintiff's objections to the magistrate judge's analysis of his § 1983 claims, the court concludes they are without merit. The court substantially agrees with the analysis of the magistrate judge and it is unnecessary to repeat it here.

---

[2] *As part of his objections, plaintiff asserts he also relies upon 25 U.S.C. § 1302(f) but that statute does not provide a private cause of action enforceable through a civil action.*

4

In any event, the court concludes the amended complaint should be dismissed in its entirety.

Plaintiff also objects to the Report's recommendation that his request for counsel be denied. Plaintiff, as a civil litigant, has no constitutional right to representation by counsel. Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006). Rather, the court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(1). In evaluating a prisoner's request for appointed counsel, the court is to consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Steffey v. Orman, 461 F.3d 1218, 1224 (10th Cir. 2006) (quotation marks and citation omitted). Here, the factual and legal issues which arise from the amended complaint are not unusually complex, and plaintiff has adequately demonstrated in his filings his ability to present his claims. Further, even having given the complaint the liberal treatment accorded to *pro se* litigants, it fails to state to state any plausible claim. Therefore, the court concludes the appointment of counsel is not warranted.

For the reasons stated, the Report and Recommendation [Doc. #17] is **ADOPTED** and plaintiff's amended complaint is **DISMISSED.** The motion to appoint counsel [Doc. #16] is **DENIED**. A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 2nd day of June, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

5